## PROCTOR v KLOPF

Ohio Appeals, 2nd Dist, Miami Co

No 293. Decided Jan 10, 1933

A. W. DeWeese, Piqua, for plaintiff in error.

Edward H. Allen, Piqua, for defendant in error.

ALLREAD, J.

A number of interesting questions are presented. It is claimed that under the testimony the court should have sustained the motion of the plaintiff in error to arrest the case from the jury and render a judgment in his favor upon the ground that Klopf was guilty of contributory negligence as a matter of law. This is the first and principal question presented. A portion of the testimony of Klopf is contained in the briefs. This is by no means the complete testimony. Klopf testified at considerable length. In his testimony he states that he looked in all directions and failed to discover any automobile approaching. The testimony further shows that it was a rainy night and that Klopf was carrying an umbrella. It does not appear, however, from Klopf's testimony that the umbrella prevented him from looking in all directions. The car driven by Proctor came up behind Klopf, struck him and Klopf was severely injured. The question is whether this evidence is sufficient to prove clearly that Klopf was guilty of contributory negligence. As we understand the law it is only where the testimony of the plaintiff is clear and leaves no doubt as to contributory negligence that the court will enforce it as a matter of law. A number of cases have been cited establishing the law as to the alleged negligence of a foot passenger attempting to cross the street. We think the case of **Babbitt v Say, Admr., 120 Oh St, 177,**

is more nearly in point than any other case to which our attention has been called. The syllabus of this case is as follows:

"In a trial of an action for damages for death by wrongful act, upon motion being made by defendant for directed verdict at the close of plaintiff's case upon the ground of contributory negligence of the decedent, the evidence should be given the most favorable interpretation in behalf of plaintiff, and if a reasonable inference may be drawn from such evidence that the decedent was exercising due care, such motion should be overruled and the question of contributory negligence submitted to the jury, under proper instructions."

According to the plaintiff's testimony he exercised all proper care in looking for the passage of automobiles on the street before he attempted to cross, and on account of the weather conditions he failed to observe the approach of Proctor's car. It is true that Proctor testifies that Klopf made the remark that he went on the street and came back for something he had forgotten. This fact is denied or at least not testified to by the plaintiff and is therefore a disputed question in the case. We think it clear that the court properly overruled the motion for an instructed verdict.

The question of the negligence of Proctor in running down and striking plaintiff has been shown in the evidence and was properly charged by the court. It is claimed that the court's charge is indefinite inasmuch as he used the word "theory" and the word "think" in reference to negligence and other words of similar import in the charge. There are other objections to the charge all of which have been considered, but we think the charge is sufficiently definite in the absence of a special objection thereto or the presentation of a special request which might cure these alleged errors. It is true that three special charges were requested before argument, two of which were given. We think the first charge is not strictly correct and was properly refused. Counsel in their brief say that,

"It was not a visible night. Plaintiff had an umbrella over him and when he stepped out in front of the automobile without looking he violated the law and was guilty of such negligence as to bar recovery."

It is true it was not a visible night, but when plaintiff makes the statement that Klopf stepped out in front of the automobile without looking he is going contrary to the testimony of Klopf and asking the court to assume that Klopf did not testify to the fact that he looked for an automobile before he entered the street.

Counsel also claim that the verdict was excessive and against the manifest weight of the evidence. The verdict was for $4500.00. Without reviewing the testimony on the subject of the amount of the verdict we reach the conclusion that it is not so manifestly excessive as to justify a reviewing court in setting it aside or offering a remittitur to the plaintiff. The trial court has the first opportunity to suggest a remittitur and according to his own opinion he felt it was a question for the jury, and that the verdict was not so manifestly excessive as to justify him in reversing the judgment. We reach the opinion that we are in the same situation, that we can not hold under the testimony that the verdict is excessive. It, therefore, follows that the judgment is not against the manifest weight of evidence and that there is no error of law apparent upon the face of the record and the judgment should be affirmed. Judgment affirmed.

HORNBECK and KUNKLE, JJ, concur.